Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was an inmate at Greene Correctional Institute on January 23, 1997. Plaintiff was assigned the job of janitor for the medical unit at the Institute for which plaintiff received a wage.
2. At approximately 6:00 p.m. on January 23, 1997, plaintiff, in the course of his employment as medical unit janitor, was carrying a plastic bag of trash from the medical unit. As plaintiff began to go through a doorway, Sergeant Holliman came through the door as plaintiff stepped back out of Sergeant Hollimans way, the bag of trash hit plaintiffs left leg. Plaintiff felt something strike his left thigh and discovered that the object was a used syringe in the trash bag.
3. Plaintiff was tested for HIV and various types of hepatitis. The first tests were negative, but later in January 1997 plaintiff was discovered to have hepatitis C. Plaintiff has been treated for this disease by Defendant since that time. It is a possibility that the January 23, 1997 incident might have caused the hepatitis C, but there has been no medical opinion linking the disease to this incident.
4. The evidence showed that this incident was an accident arising out of and in the course of plaintiffs employment.
5. Defendant moved that plaintiffs tort claim be dismissed because this was a workers compensation matter, which would be controlled by N.C.Gen Stat. 97-13 (c).
 ***********
Based upon the foregoing findings of fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Plaintiffs only possible legal remedy in this matter is a workers compensation claim under N.C. Gen. Stat. 97-13(c) in that the incident complained of by plaintiff was an accident arising out of and occurring during his employment for wages with defendant.
2. Plaintiff may apply for workers compensation benefits under the provisions of N.C. Gen. Stat. 97-13(c), and plaintiff is notified that if he fails to apply for such benefits within one year from his discharge from prison he may be precluded, as a matter of law, from receiving benefits.
3. Defendant conceded at the hearing before the Deputy Commissioner that there was a possibility that the January 23, 1997 incident might have caused plaintiffs hepatitis C. The Commission makes no finding or conclusion as to any causal link between the incident and the hepatitis C or as to any workers compensation benefits to which plaintiff may be entitled.
 ***********
Considering the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Under the provisions of the Tort Claims Act, plaintiffs claim must be, and therefore is, HEREBY DENIED and DISMISSED upon motion of Defendant.
2. Plaintiff shall be free to proceed with any workers compensation claim he may have under the provisions of N.C. Gen. Stat. 97-13(c), subject to that statute and other provisions of the law.
3. Each party shall bear its own costs.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER